UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NORTH DAKOTA

---

| | |
|---|---|
| Mitchell S. Sanderson, | ) )  ) ) ) ) Federal Court No. _____ ) ) ) ) ) Walsh County Case No. 50-2023-CV-00129 ) ) ) ) ) ) |
| Petitioner, | |
| vs. | |
| Janne Myrdal, | |
| Respondent, | |

**Petition for Writ of Mandamus**

Mitchell S. Sanderson

Pro Se Litigant

214 Sandwood Circle Park River ND 58270
(701) 331-0410 mitchell_sanderson@hotmail.com

## JURISDICTION

[¶1] *28 U.S.C Section 1651* authorizes the United Sates federal courts to issue "all Writs" necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. The Petitioner seeks a Writ as the district court Clerks of Court have no Oath of Office in violation of the U. S. Constitution, ND Constitution, Federal and State law. The Court's actions are null and void due to the Clerk of Court illegally holding an office and said clerks need to be removed from illegally holding said office without a Constitutional Oath of Office.

Page 1 | 11

[¶2] This Court may examine a district court decision by invoking its authority as well on the issue of improper service which the lower court had no jurisdiction to hear the case in violation of Due Process. That Senator Myrdal committed evidence tampering and her husband committed forgery.

## STATEMENT OF THE PROCEEDINGS

[¶3] This case involves Constitutional law violations and high crimes committed by the Defendant and her husband. Judge Agotness has violated everything a judge has sworn to uphold in law.

[¶4] I ask this court to rule on this Writ that the Clerks are illegally in office with no Oath. In addition, the Service of Process was through the USPS in violation of Civ. Pro. with the Judge having no jurisdiction. That Paul Myrdal committed federal forgery in signing and printing Janne Myrdal's signature on the official government document for service. **See entire court record for all filings.**

[¶5] In this current case the Clerk of Court has admitted that she has no Oath of Office and does not need one because she is appointed. The office is vacant and the Walsh "clerk" is impersonating a court magistrate.

[¶6] Sanderson further asks this court to acknowledge that the lower court judge had no jurisdiction/legal authority to take a rule on this case due to improper service on a State actor when the State itself was not served according to Civ. Pro. and High Court case law!

## STATEMENT OF THE FACTS

[¶7] This matter is very clear that all clerks, voted into office or appointed need an Oath of Office! If they do not they are criminally acting/impersonating a government official illegally holding a government office.

[¶8] It is also clearly established in law that judges need proper service to have jurisdiction to take and hear a case much less rule on any Merits of the case. Paul Myrdal committed forgery in signing his wife's name on a government legal document. That changing evidence is illegal and obstruction.

## LAW AND ARGUMENT

**[¶9] The District Court erred in judgment due to documents filed by the Clerk of Court and Deputy Clerk are invalid due to the Clerk not having any Oath of Office as well as the Judge Agotness not having a Seal on her Oath:** <u>All Case law below supports the Petitioners claims.</u>

[¶10] Precedence clearly shows that the use of the word "<u>shall</u>" in a statute creates a mandatory duty. See e.g., *Appalachian Voices v. McCarthy*, 989 F. Supp. 2d 30, 54 (D.D.C. 2013); See also *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 171–72, 136 S. Ct. 1969, 1977, 195 L. Ed. 2d 334 (2016) ("Unlike the word 'may', which implies discretion, the word "<u>shall</u>" usually connotes a requirement. Compare *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35, 118 S. Ct. 956, 140 L.Ed.2d 62 (1998) (recognizing that "<u>shall</u>" is 'mandatory' and normally creates an obligation impervious to judicial discretion.")

[¶12] As *Marbury v. Madison* put it, our government would no longer deserve to be "termed a government of laws, and not of men ... if the laws furnish no remedy for the violation of a vested legal right." It also states that an Unconstitutional act is unenforceable. <u>Since a Clerk needs an Oath this case and all its filings and Rulings are null and void.</u> *Ex parte* Garland, 71 U.S. (4 Wall.) 333, 337 (1867) "Any person who shall falsely take the said oath <u>shall</u> be guilty of perjury; and, on conviction, in addition to the penalties now prescribed for that offence, <u>shall</u> be deprived of his office, and rendered incapable forever after of holding any office or place under the United States. NDCC 44-01-05, NDCC 44-01-05.1, 28 U.S. Code § 951 - Oath of office <u>of clerks and deputies,</u> Article XI ND Constitution Section 4, Article VI of the US Constitution.

[¶13] "Any judge [or officer of the government] who does not comply with his <u>oath to the Constitution</u> of the United States wars against that Constitution and engages in acts in violation of the supreme law of the land. The judge is engaged in acts of <u>treason</u>." *Cooper v. Aaron*, 358 U.S. 1, 78 S. Ct. 1401 (1958).

[¶14] *Ex parte Garland*, 71 U.S. (4 Wall.) 333, 337 (1867) "<u>Any person</u> who shall falsely take the said oath shall be guilty of perjury; and shall be deprived of his office, and <u>rendered incapable</u> forever after of holding any office or place under the United States.

[¶15] *NDCC 44-01-05. Oath of civil officers*. Each <u>civil officer</u> in this state before entering upon the duties of that individual's office <u>shall</u> take and subscribe the oath prescribed in *section 4 of article XI of the Constitution of North Dakota*. The oath must be endorsed upon the back of, or attached to, the

commission, appointment, or certificate of election. The term civil officer includes every elected official <u>and any individual **appointed** by such elected official;</u> …For purposes of this chapter and chapter 44-05, the term civil officer has the same meaning as public officer.

[¶16] *NDCC 44-01-05.1*. Failure to file oath. The appointment of <u>any civil officer</u> may be rescinded by the appointing authority if the appointed civil officer fails to file an oath of office at the place of filing required by section 44-05-04.

[¶17] *Article XI ND Constitution Section 4*. Members of the legislative assembly and the executive and <u>judicial branches</u>, except such inferior officers as may be by law exempted, before they enter on the duties of their respective offices, <u>shall</u> take and subscribe the following oath or affirmation:

[¶18] *Article VI of the US Constitution* says, "The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and <u>judicial Officers,</u> both of the United States <u>and of the several States, shall</u> be bound by Oath or Affirmation,…

[¶19] The Clerk has admitted she does not possess the requisite Oath and affidavit and that she does not need one - she should be: <u>Immediately terminate her appointments or positions, Render all official acts, bills, laws, regulations, or any official actions whatsoever, including the appointment of any subordinates void</u> ab initio and; Replace and restore all proper, former office holders until competent replacements can be lawfully appointed.

[¶20] In order to be effective as a sworn declaration, it must either be sworn before a notary public or sworn under penalty of perjury per *18 U.S. Code § 1746*, which requires: Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, <u>oath,</u> or affidavit, in writing of the person making the same (other than a deposition, or an <u>oath of office</u>, or an <u>oath required</u> to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, <u>certificate,</u> verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

[¶21] *18 U.S.C. 1918* provides penalties for violation of <u>oath office</u> described in *5 U.S.C. 7311* (2) which include: removal from office *Frothingham v. Mellon*, 262 U.S. 447 (1923), "<u>Jurisdiction</u> can be challenged at any time." *Basso v. Utah Power & Light Co.*, 495 F 2nd 906 at 910.

[¶22] *Section 27-05.2-07 - Penalty for neglect of duty:* If an ex officio clerk of the district court <u>violates the clerk's oath of office</u> or <u>neglects</u> or refuses to perform any of the duties of office and <u>any person is injured or aggrieved by such violation or neglect</u>, such person may institute legal proceedings upon the bond of the clerk and recover double the amount of damages actually sustained. For each such violation or neglect by the clerk, the county treasurer shall collect a forfeiture of not less than fifty dollars.

## JURISDICTION

[¶23] **Judge Agotness had no authority to take this case due to improper service thru the USPS which is in violation of Civ. Pro. with no service there is no jurisdiction!** a Judge needs proper service to have jurisdiction to hear and rule on a case, Judge Agotness is very aware of proper service upon a State Actor and is clearly in violation of the law. See case law below which clearly supports this claim!

[¶24] The United States Supreme Court stated, "before a court may exercise personal jurisdiction over a defendant the <u>procedural requirement of service</u> must be satisfied." *See Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 44-445 (1946). "<u>Service of summons is the procedure by which a court. . asserts jurisdiction over the person of the party served</u>," *See Murphy Brothers, Inc., Petitioner v. Michetti Pipes Stringing, Inc.*, Case No. 97-1909, U.S. (1999). <u>When the defendant was untimely with their Answer the District Court could no longer assert jurisdiction over them under Rule Civ. Proc. 12(a)(1)(A)</u>.

[¶22] *Franciere v. City of Mandan*, 2019 ND 233 ¶ 2-6, 932 N.W. 2d 907; An elementary principle for rendition of a <u>valid judgment</u> is that the district court have both <u>subject matter jurisdiction</u> over the cause of action **and** <u>personal jurisdiction</u> over the parties. *See, e.g., Smith v. City of Grand Forks*, 478 N.W.2d 370, 371 (N.D. 1991). "A party must strictly comply with the specific requirements for <u>service of process</u>." *Sanderson v. Walsh County*, 2006 ND 83, ¶ 13, 712 N.W.2d 842. "Absent valid service of process, even actual knowledge of the existence of a lawsuit is insufficient to effectuate personal jurisdiction over a defendant." *Id.; see also Riemers v. State*, 2006 ND 162, ¶ 7, 718 N.W.2d 566. In *Riemers v. State*, 2006 ND 162, 718 N.W.2d 566, Riemers attempted to commence the action by serving process <u>via certified mail</u> with return receipt. <u>The district court issued an order granting the dismissal for insufficient service of process</u>. Riemers appealed, arguing he served the process in accordance with the Rules of Civil Procedure. This Court held service was improper and "[a]bsent personal jurisdiction, `the court is powerless to do anything beyond dismissing ***without prejudice.***'" *Id.* at ¶ 10. The Court stated, "Therefore, while the district court correctly dismissed the action, <u>it erred doing so with prejudice</u>." *Id.* Like *Riemers*, this case was correctly dismissed, but <u>the district court erred in doing so with prejudice. We affirm dismissal for lack of personal jurisdiction 256*256 as modified to dismiss without prejudice.</u> herefore, <u>the district court had no legal</u>

authority to determine anything other than the jurisdiction question. *Smith,* 478 N.W.2d 370, 371, 373 (N.D. 1991); *see King v. Menz,* 75 N.W.2d 516, 521 (N.D. 1956) ("There being no service on the defendant the trial court had no jurisdiction to make any order in regard to the issue raised by the complaint."). Until jurisdiction is decided, the court can only determine issues regarding jurisdiction. We affirm the judgment granting dismissal based on lack of personal jurisdiction due to insufficient service as modified to dismiss without prejudice.

[¶23] we have recognized the elementary principle that "[j]urisdiction of both the subject matter and the parties is essential to the rendition of a valid judgment . . . ." *Johnson v. Johnson,* 86 N.W.2d 647, 651 (N.D. 1957). *Accord Reliable, Inc. v. Stutsman County Commission,* 409 N.W.2d 632, 634 (N.D. 1987); see also *Matter of Estate of Hansen,* 458 N.W.2d 264, 268 (N.D. 1990) ["A judgment is void if the court lacked subject matter jurisdiction over the action or if the court lacked personal jurisdiction over the parties."] It is also firmly established that valid service of process is necessary in order to assert personal jurisdiction over a defendant. *Mid-Continent Wood Products, Inc. v. Harris,* 936 F.2d 297, 301 (7th Cir. 1991); *Sieg v. Karnes,* 693 F.2d 803, 807 (8th Cir. 1982); Farrington, supra. "*Rule 4* deals extensively with service of original process, which is the means of securing jurisdiction by the court over the defendant's person or over the res. Without jurisdiction over the person or the res, the court cannot render a valid judgment, even if it has subject-matter jurisdiction." 2 J. *Moore and J. Lucas, Moore's Federal Practice,* ¶ 4.02[3], at p. 4-66 (2d ed. 1991)... *ND R. Civ. P 12(b)(iv)* authorizes a motion to dismiss for insufficiency of service of process.

[¶24] "Where there is absence of proof of jurisdiction, all administrative and judicial proceedings are a nullity, and confer no right, offer no protection, and afford no justification, and may be rejected upon direct collateral attack." *Thompson v Tolmie,* 2 Pet. 157, 7 L. Ed. 381; and *Griffith v. Frazier,* 8 Cr. 9, 3 L. Ed. 471. "the burden of proving jurisdiction rests upon the party asserting it." *Bindell v. City of Harvey,* 212 Ill.App.3d 1042, 571 N.E.2d 1017 (1st Dist. 1991).

[¶25] " once jurisdiction is challenged, it must be proved". *Hagans v. Levine,* 415 U.S. 533, n.3.

[¶26] Whenever a judge, acts where he does not have jurisdiction to act, the judge is engaged in an act of treason. *S. v. Will,* U.S. 200, 216, 101 S. Ct. 471, 66 L. Ed. 2d. 392, 406 (1980).

[¶27] This Court must prove that Judge Agotness had jurisdiction! The Myrdal docket clearly shows that the Senator was served via USPS with signed returned receipt which is improper when bringing an action against a State government actor! With this evidence, Judge Agotness was acting with no jurisdiction!

[¶28] The Court overlooked the fact that after the defendant was untimely on its Answer, they were allowed to file motions to the District Court that the court lacked jurisdiction to hear and allowed the filings, *See Main v. Thiboutot,* 100 S. Ct 2502 U.S. (1980).

[¶29] Acknowledging the U.S. Supreme Court case above, Senator Myrdal was in violation of Civ. Pro. when she did not Answer in the 21-day deadline making this also a <u>jurisdictional</u> matter.

[¶30] The North Dakota Supreme Court has the power to overturn these rulings due to *Rule 4* not being properly followed. <u>The lower Court had no jurisdiction to even hear the case!</u>

[¶31] "A court lacks discretion to consider the Merits of a case over which it is without jurisdiction and thus, by definition, a jurisdictional ruling may never be made prospective only. We therefore hold that, <u>because the Court was without jurisdiction to hear the case, it was without authority to decide the merits</u>." *See Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368(1981)."

[¶32] This statute requires the defendant "must serve an Answer within 21 days after being served," *See* Bus. *Guides, Inc. Chromatic Commc'ns Enters, Inc.,* 498 U.S. 533. 540 (1981). <u>Pleading deadlines must be strictly adhered to, otherwise the party who follows the timeline will be unfairly prejudiced by the party that did not follow the rules</u> *See Brookhart v. Jams,* 384 U.S. Also *See Smith v. illinois,* 390 U.S. 129, 131 (1968).

[¶33] <u>Service of summons is the procedure by which a court... asserts jurisdiction</u> over the person of the party served.") *See Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 44-445)1946) also see Murphy Brothers, Inc., Petitioner v. Michetti Pipes Stringing, Inc., Case No. *97*-1909. U.S. (1999). <u>The defendant was untimely on their Answer thus did not satisfy the service requirement and the Court of Appeals court no longer assert jurisdiction over them under the Rules of Civ. Proc. 12(a)(1)(A). Thus, could not decide any Merits to this case.</u>

[¶34] "<u>Courts are supposed to read any rule of civil procedure according to its "plain meaning</u>", just like a statue." *See Bus. Guides, Inc. v. Chromatic Commc'ns Enters. Inc., 498 U.S. 533, 533, 540 (1991).*

[¶35] Sanderson provided exhibits with all Motions and filings and supported them with law and case law and Judge Agotness ignored them all making horrific violations of law and discretion.

[¶36] However, while our rules do provide for a motion to reconsider, where appropriate, we have treated such motion as motions to alter or amend the judgement N.D.R. Civ. P. 59(j), which may be reversed if the district court <u>misinterpreted or misapplied the law</u>. See *Langer v. Pender (2009) 764 N.W. 2d 159, 163.*

[¶37] jurisdiction is power to declare the law and when is ceases to exist, the only function to the court is that of announcing the fact and <u>dismissing the cause;</u> *Steele Co. v. Citizens for Better Environment,* 523, U.S. 83, 94 (1998).

## DUE PROCESS

[¶38] **The District Court abused its discretion and violated Mr. Sanderson's due process rights:**

Judge Agotness violated the *U.S. Const. Amend XIV* rights by denying all requests for hearings: Violations of Constitutional rights, by violating court rules, law and case law and having no jurisdiction.

*The Fifth Amendment* guarantees every citizen the right to due process. The following case law supports Sanderson's allegations! *See: Article VI, Clause 2 US Constitution.*

[¶39] *United States v. Real Props.* Located at 7215 Longboat Drive (Lot 24), 750 F.3d 968, 972(8th Cir. 2014). *See also Koon v. United States,* 518 U.S. 81, 100 (1996) ("A district court by definition abu A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged. See *Horras v. Am. Capital Strategies, Ltd.,* 729 F.3d 798, 801 (8th Cir. 2013)…abuses its discretion when it makes an error of law.")

[¶40] Recusal is required when, objectively speaking, the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Id. at 907 (quoting Aetna Life Ins. Co. v. LaVoie,* 475 U.S. 813, 825 (1986); *Withrow v. Larkin,* 421 U.S. 35, 47 (1975)). Bias or prejudice of an appellate judge can also deprive a litigant of due process. *Aetna Life Ins. Co. v. LaVoie,* 475 U.S. 813 (1986) (failure of state supreme court judge with pecuniary interest—a pending suit on an indistinguishable claim—to recuse).

[¶41] All of Sandersons Motions and Hearings were all denied, and no Trial was had. The Court also overlooked the defendant admitted being untimely with their Answer which was substantial "prejudice to Mr. Sanderson when his procedural due process was denied when the defendant was allowed to proceed as if they were not untimely with their Answer *See Davis v. Alaska* 415 U.S. 308 (1974).

[¶42] This would not be in the public interest when it is not constitutional. "Due process balances the power of the land and protects the individual person from it. When a government harms a person without following the exact course of the law, this constitutes a due process violation, which offends against the rule of law." *See Carroll v. Greenwich Co.,* 199 U.S. 401, 410 (1905) See also *French v. Barber Asphalt Paving Co.,* 181 U.S. 328 (1901).

[¶43] The reasons for granting the petition is "courts are supposed to read any rule of civil procedure according to it "plain meaning", just like a statue." *See Bus. Guides, Inc. v. Chromatic Commc'ns Enters. Inc.,* 498 U.S. 533, 533, 540 (1991).

[¶44] Judge Agotness violated Constitutional Due Process at every turn violating Sanderson's Constitutional Rights!

[¶45] *Rule 12 (a)* Time to serve a responsive pleading. (1) In General. Unless another time is specified by this rule or a statute, the time for serving a responsive pleading is: (A) a defendant must serve an

answer <u>within 21</u> days after being served with the summons and complaint; Definition of Default: A default in a legal action occurs when a defendant fails to <u>plead, appear</u> or otherwise defend <u>within the time allowed.</u> DEFAULT Definition & Legal Meaning Definition & Citations: The omission or failure to fulfill a duty, observe a promise, discharge an obligation, or perform an agreement. *State v. Moores,* 52 Neb. 770, 73 N. W. 299; *Osborn v. Rogers,* 49 Hun, 245, *1 N. Y. Supp.* 623; *Mason v. Aldrich, 36 Minn.* 283, 30N. W. SS4. In practice. Omission; neglect or failure. When a defendant in an action at law <u>omits to plead within the time allowed</u> him for that purpose, <u>or</u> fails to appear on the trial, he is said to make default, and the judgment entered in the former case is technically called a "judgment by default" 3 Bl.

[¶46] <u>Pleading deadlines must be strictly adhered to, otherwise the party who follows the timeline will be unfairly prejudiced by the party that did not follow the rules</u> See *Brookhart v. Jams,* 384 U.S. Also See *Smith v. illinois,* 390 U.S. 129, 131 (1968).

[¶47] United States v. Real Props., 750 F. 3d 968, 972 8th Cir. (2014). *See also Koon v. United States,* 518 U.S. 81, 100 (1996) ("A district court by definition <u>abuses its discretion when it makes an error of law.</u>")

[¶48] Everything Judge Agotness has done was in error of law as supported in this Brief and the entire *Sanderson v. Myrdal* case!

[ ¶ 37.] Procedural Due Process focuses primarily on <u>a person's right to be heard,</u> rather than a person's right to prevail in a dispute. Courts usually consider two broad questions in cases involving procedural due process. First, courts consider whether the government's action involves an interest in life, liberty, or property. Second, courts consider whether the procedures that the governments has employed assure that a person <u>receives fair treatment.</u>

> The United States Supreme Court stated "before a. court may exercise personal jurisdiction over a defendant the <u>procedural requirement of service must be satisfied.</u>" *See Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 44-445 (1946). "<u>Service of summons is the procedure by which a court. . asserts jurisdiction over the person of the party served,</u>" *See Murphy Brothers, Inc., Petitioner v. Michetti Pipes Stringing, Inc.,* Case No. 97-1909, U.S. (1999). <u>When the defendant was untimely with their Answer the District Court could no longer assert jurisdiction over them under Rule Civ. Proc. 12(a)(1)(A).</u>

[ ¶ 38.] **Article VI, Clause 2 US Constitution:** *This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land;* <u>*and* the Judges in every State</u>

shall be bound thereby, *any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.*

[ ¶ 39.] *U.S. v. Throckmorton, 98 US 61 officials and even judges have no immunity See, Owen vs. City of Independence, 100 S Ct. 1398; Maine vs. Thiboutot, 100 S. Ct. 2502; and Hafer vs. Melo, 502 U.S. 21; officials and judges are deemed to know the law and sworn to uphold the law; officials and judges cannot claim to act in good faith in willful deprivation of law, they certainly cannot plead ignorance of the law, even the Citizen cannot plead ignorance of the law, the courts have ruled there is no such thing as ignorance of the law Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401 (1958). "No state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it.*

[ ¶ 48.] *Due Process Provides the "rights of Pro Se Litigants are to be construed liberally and held to less stringent standard...Haines v Kerner,*404 U.S. 519-520 (1972*) and Hughes v Rowe,* 449 U.S. 4, 9-10 (1980). The District Judge is enforcing Court Rules on myself but not enforcing them on the Senator! A Pro Se Litigant cannot be held to the same standards as a learned and experienced attorney!

**[ ¶ 49.]   The Court had no jurisdiction to hear or address any issue in this case and failed to follow the mandate of the North Dakota and US Supreme Court's opinions! In addition, the Clerks have no Oath of Office!**

### CONCLUSION

[ ¶ 51.]   Given the unusual nature of this matter, and to prevent further delay, the issuance of a writ is appropriate and necessary. With the Clerk and Deputy Clerk of Court having no Oath of Office they had no legal authority to accept cases or sign orders. With the Plaintiff not doing proper service on a State actor the Judge was acting with no jurisdiction and could not take or rule on the case. The Court was in violation of Due Process! Senator Myrdal committed evidence tampering and her husband committed Forgery.

### RELIEF SOUGHT

[¶ 52.] For the reasons given above, the Plaintiff / Petitioner Mr. Sanderson respectfully demands this Court to issue an Order on this Writ supporting Sanderson claims On Jurisdiction, Due Process and no Oath of Office, evidence tampering and forgery. Sanderson demands compensation as case law dictates, *Ridge at Back Brook LLC v. Klenert,* Pro Se Litigants are entitled to the same relief as those who are represented by council. Sanderson further asks this Court to turn the violations of law stated above over to a governmental investigation agency for a criminal investigation to be brought because the Walsh County Sheriff's Office is refusing to investigate these crimes and the Walsh States Attorney will not as well.

Dated this ___7th___ day of ___May___, 2024

*Mitchell S. Sanderson*
__/s/  Mitchell S. Sanderson__
(Signature of Plaintiff / Petitioner)

Mitchell S. Sanderson
214 Sandwood Circle
Park River ND, 58270
Mitchell_sanderson@hotmail.com
701-331-0410